**PLAN FOR ARCADIA, INC., a nonprofit corporation, and Jack Saelid, Plaintiffs-Appellants,**

v.

**ANITA ASSOCIATES et al., Defendants-Appellees.**

**No. 74–1180.**

United States Court of Appeals, Ninth Circuit.

July 10, 1974.

Certiorari Denied Nov. 25, 1974.

See 95 S.Ct. 517.

John C. McCarthy (argued), Pomona, Cal., William B. Campbell (argued), Los Angeles, Cal., for plaintiffs-appellants.

P. F. Westbrook, Jr. (argued), Los Angeles, Cal., Raymond W. Mushal, Atty. (argued), U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before CARTER and GOODWIN, Circuit Judges, and SCHNACKE,* District Judge.

## OPINION

SCHNACKE, District Judge:

This action, purportedly brought under the air pollution prevention and control statute, 42 U.S.C. § 1857 et seq., was dismissed by the court below. We affirm.

Appellants commenced this action to enjoin the further construction and operation by appellees of a large regional

---

* Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation.

shopping center which, it is claimed, would produce large quantities of air pollution. They also sought mandatory orders compelling state and federal officials to promulgate regulations and plans, pursuant to the statute, that would prevent the construction of pollution-creating developments like that here involved.

The statute charges the states with the initiative in assuring air quality control and of submitting an implementation plan before December 31, 1970. Sections 1857c–2(a), (b); 1857c–5(a)(1).

The primary federal official is the Administrator. If the state plan submitted to him is not acceptable, he may issue his own plan in lieu of the state's, as well as take other action. Sections 1857c–2(c), 1857c–5(c)(3).

The record discloses that the State of California has submitted an implementation plan which has been approved in part and rejected in part. The area of the shopping center here involved is presently subject to no control that would prevent its construction or operation as appellees intend.

The statute is quite explicit as to actions by private litigants. "Citizen suits" may be brought under 42 U.S.C. § 1857h–2:

"(1) against any person . . . who is alleged to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or

"(2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator."

 Since, as noted, no applicable standards or orders have been issued, this action will not lie under (1).[1] Understandably, appellants do not claim

that (2) may be invoked. Rather, they invoke 28 U.S.C. § 1361, which is likewise inapplicable. Undeniably, certain types of action by the Administrator may be ordered by the courts. Nat. Res. Def. Coun., Inc. v. Environmental Pro. Agcy., 154 U.S.App.D.C. 384, 475 F.2d 968 (1973). But we cannot order the promulgation of any particular regulation or set of regulations, such as appellants seek here, and once regulations are promulgated, the sole statutory review, is as provided in 42 U.S.C. § 1857h–5(b)(1).

Congress has defined precisely the circumstances under which a private suit may be brought under this Act. As the court below correctly determined, appellants do not meet the test.

Affirmed.

---

1. Plaintiffs argue that the national emission standards may be invoked under (1)(A), but subsection (f) is clear and against them on this argument.